J-S23019-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT JOHN MCBREARTY | : | |
| | : | |
| Appellant | : | No. 191 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 8, 2022,
in the Court of Common Pleas of Bucks County,
Criminal Division at No(s):  CP-09-CR-0000837-2022.

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY KUNSELMAN, J.:        **FILED AUGUST 23, 2023**

Robert John McBrearty appeals from the judgment of sentence imposing three days to six months' incarceration after the trial court convicted him of driving under the influence (controlled substance, first offense) and related, traffic offenses.[1]  We affirm.

On September 22, 2021, at 1:45 a.m., Trooper Danielle Heimbach and her partner noticed McBrearty's pickup truck parked at a Wawa's gas station for 30 to 45 minutes.  The officers eventually got behind him as he drove and saw McBrearty cross the double, yellow line three times.  They initiated a traffic stop, and he failed several field sobriety tests.

Trooper Heimbach had her canine sniff the air around the pickup, and the dog alerted her to the presence of illicit drugs.  She secured a search warrant for the vehicle, executed it, and discovered narcotics.  The state police

_____

[1] **See** 75 Pa.C.S.A. §§ 3309, 3714, 3802(d)(2), and 4306(a).

arrested McBrearty for DUI and other charges. He filed a motion to suppress the evidence they had seized during the stop.

At the hearing on his motion to suppress, Mr. McBrearty raised two issues: (1) whether the traffic stop was constitutionally sound and (2) whether Trooper Heimbach had reasonable suspicion to have her dog sniff his truck. **See** N.T., 8/11/22, at 4-5. The transcript does not reflect that defense counsel argued that probable cause was lacking to stop the vehicle.[2]

The suppression court ruled Trooper Heimbach met the lesser standard of reasonable suspicion to stop McBrearty. **See** Trial Court Opinion, 2/15/23, at 6. Furthermore, while the court agreed the dog sniff was unconstitutional, it ruled the contraband discovered in McBrearty's truck passed constitutional muster, because the troopers would have inevitably discovered it through an inventory search. **See id.** at 7-8. Thus, the court denied suppression.

The matter proceeded to a bench trial, and the trial court convicted and sentenced McBrearty as described above. This timely appeal followed.

He raises two appellate issues:

1.  Did the [suppression] court err in denying [the] motion to suppress, where the initial traffic stop was not supported by **probable cause**?

2.  Did the [suppression] court err in denying [the] motion to suppress, where the continued detention of

---

[2] As the Commonwealth notes in its Brief, the transcript of the suppression hearing does not include the attorney's oral argument to the court. **See** Commonwealth's Brief at 14, n.2; **see also** N.T., 8/11/22, at 94.

> [McBrearty] was not supported by reasonable suspicion of criminal activity?

McBrearty's Brief at 7 (emphasis added).

The Commonwealth argues McBrearty waived both issues, because he did not litigate either in the suppression court. **See** Commonwealth's Brief at 12-16, 26-29. We agree.

"The issue of waiver presents a question of law, and, as such, our standard of review is *de novo*, and our scope of review is plenary." **Trigg v. Children's Hosp. of Pittsburgh of UPMC**, 229 A.3d 260, 269 (Pa. 2020). "[I]ssues not raised in lower courts are waived . . . they cannot be raised for the first time on appeal." **Id.** (citing Pa.R.A.P. 302(a)).

Nothing in the record indicates that McBrearty raised or litigated either appellate issue before the suppression court; the court only addressed the issue of whether Trooper Heimbach had reasonable suspicion for the actions she took during the traffic stop. Thus, our review of the record reveals that McBrearty did not litigate the issues he now raises on appeal. He raises them for the first time on appeal, and, as such, he did not properly preserve them for appellate review.[3]

_____

[3] Moreover, because the suppression court ruled that there was reasonable suspicion to stop McBrearty's truck, his first appellate issue regarding probable cause is moot, even had he preserved it. "[P]robable cause [is] a higher legal standard than reasonable suspicion . . . ." **Commonwealth v. Dunlap**, 941 A.2d 671, 679 (Pa. 2007), *disapproved of on other grounds by* **Commonwealth v. Thompson**, 985 A.2d 928 (Pa. 2009). Thus, whether the trooper met the higher standard of probable cause is irrelevant for
*(Footnote Continued Next Page)*

We dismiss both of McBrearty's appellate issues as waived.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/23/2023*

---

purposes of this appeal, because the reasonable-suspicion determination would remain undisturbed, even if we agreed that probable cause to stop the truck was absent. Notably, McBrearty does not claim that the suppression court's decision to apply the reasonable-suspicion test, rather than the higher test for probable case, was erroneous.